**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**STEVENSON FORD**                                                                                    **PETITIONER**

**V.**                                                                                     **NO. 4:18-CV-67-DMB-DAS**

**LEPHER JENKINS, et al.**                                                                       **RESPONDENTS**

**ORDER**

Following the dismissal of his petition for a writ of habeas corpus, Stevenson Ford's post-judgment filings are now before the Court.

**I**
**Procedural History**

On March 13, 2018, the Court received Stevenson Ford's pro se petition for a writ of habeas corpus. Doc. #1. In the petition, which was stamped for mailing on March 7, 2018, Ford challenged his 2009 conviction and sentence for murder. *Id*. at 1. In the memorandum accompanying his petition, Ford asserted five grounds for relief: (1) he received ineffective assistance of counsel; (2) the underlying indictment was insufficient; (3) the evidence presented at trial was insufficient to support a verdict for murder; (4) he was entitled to a mistrial based on the testimony of his co-defendant; and (5) the prosecutor's conduct violated his right to due process. *See* Doc. #2 at 5. On June 4, 2018, Ford, with leave of the Court,[1] amended his petition to assert additional grounds for relief. Doc. #8.

On June 21, 2018, the respondents filed a motion to dismiss Ford's petition as time barred. Doc. #10 at 1–2. Ford responded to the motion on or about July 2, 2018, arguing, among other things, that the statute of limitations for habeas actions should not apply because he was asserting

---
[1] Doc. #12.

a claim of actual innocence. Doc. #11.

On August 14, 2018, United States Magistrate David A. Sanders issued a Report and Recommendation ("R&R") recommending that Ford's petition be dismissed with prejudice because Ford's claims were time barred and because Ford failed to present sufficient evidence of actual innocence. Doc. #13. On or about September 4, 2018, Ford filed a motion for an extension of time to file objections to the R&R. Doc. #16. On November 7, 2018, Judge Sanders granted the motion and extended the deadline to object until November 28, 2018. Doc. #17. This Court did not receive objections from Ford. In the absence of objections, the Court, on January 3, 2019, reviewed the R&R for clear error and, finding none, adopted the R&R and dismissed Ford's petition. Doc. #19.

On or about January 11, 2019, Ford filed an affidavit stating:

> A motion to object to Report and Recommendation was mailed to your office on October 2, 2018 along with my motion to amend to [sic] my writ of habeas corpus. I have enclosed a copy of (Exhibit A) of the outgoing mail log for the date of October 2, 2018 from Marshall County Correctional Facility.

Doc. #21. In addition to the mail log, which shows Ford mailed a document to this Court on October 2, 2018, Ford also attached to his affidavit two documents dated October 2, 2018—one titled "Objection to Report and Recommendation," and the other titled "Motion to Amend to 2254 Writ of Habeas Corpus." *See* Doc. #21 at PageID #222, #229.[2] The respondents responded to the objection and the motion to amend on January 31, 2019. Doc. #22.

On or about January 15, 2019, Ford, citing his allegedly timely objections, filed a motion to set aside this Court's January 3, 2019, judgment. Doc. #24. The respondents filed a response to this motion on February 21, 2019.

---

[2] The Court cites to composite filings by the corresponding PageID# assigned by the CM/ECF system.

## II
## Timeliness of Filings

Ford has submitted an affidavit stating that he mailed both his objections and his motion to amend on October 2, 2018, and a Mississippi Department of Corrections mail log showing that he mailed two documents to this Court on the date he claims. Doc. #21 at PageID #219–20. Ford's claim of mailing is further corroborated by the affidavit of Winnifred P. Anderson, an Inmate Legal Assistance Program employee, which states that Ford mailed a package to this Court on October 2, 2018, and that the package contained a "motion to object to report and recommendation." Doc. #22-1. Based on this evidence, the Court concludes that Ford filed his objections and his motion to amend on or about October 2, 2018,[3] but that the documents were either lost by the prison or lost in the mail. Under these circumstances, the documents will be deemed filed as of this date. *See Long v. Atlantic City Police Dep't*, 670 F.3d 436, 446 (3d Cir. 2012) ("When facts are found that demonstrate prison delay, [a court may] exclude[e] the time lost due to [the] delay, [and] deem as timely what would otherwise be an untimely motion ….").

## III
## Motion to Amend

Ford asks that "the court rule on his [motion to amend] before [addressing the] report and recommendation …." Doc. #21 at PageID #222. Because an amended petition ordinarily moots a pending report and recommendation,[4] the Court agrees that initial consideration of the motion to amend is proper.

"Rule 15 of the Federal Rules of Civil Procedure governs amendments of § 2254

---

[3] *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) ("[A] pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court.").

[4] *See, e.g.*, *Ledwith v. Brooks*, No. 06-1799, 2012 WL 3535769, at *4 (E.D. Pa. Aug. 13, 2012) ("The Reports and Recommendations address claims later omitted from the amended petition and deemed withdrawn; the Reports and Recommendations are moot.").

applications." *Figueredo-Quintero v. McCain*, 766 F. App'x 93, 97 (5th Cir. 2019). Rule 15(a)(1) provides that a party may amend its pleading as of right within "21 days after serving it, or … 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If, as here, a party may not amend as of right, Rule 15(a)(2) states that such party "may amend its pleading only with the opposing party's written consent or the court's leave." Under this provision, leave should be freely granted "when justice so requires."

When considering a motion to amend, a court should consider five favors: (1) "undue delay;" (2) "bad faith or dilatory motive;" (3) "repeated failure to cure deficiencies by previous amendments;" (4) "undue prejudice to the opposing party;" and (5) "futility of the amendment." *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016). Notably, the pendency of a report and recommendation does not preclude the grant of leave to amend. *See generally United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) ("The district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint.").

Ford seeks to amend to add six grounds to his habeas petition: (1) his trial counsel was ineffective by failing to properly cross examine Jessie Lee and to object to alleged perjury in Lee's testimony; (2) his appellate attorney was ineffective for failing to raise the perjury on appeal; (3) his Sixth Amendment right to confront witnesses against him was violated by an Officer Tisaby testifying about what an informant told him; (4) the trial court gave a "defective" jury instruction; (5) the trial court should have ordered a mistrial when the jury was found "pre-deliberating;" and (6) the trial court erred by not providing Lee's initial statement to the police when it was requested. Doc. #21 at PageID # 231–43.

Applying the relevant factors, it is clear Ford's motion to amend must be denied. First, the

only explanation Ford offered for the late amendment is that he only recently learned of Lee's perjury. However, the evidence Ford cites (testimony from Daner Ford's 2010 trial and Lee's 2011 plea petition) is approximately eight years old and Ford has offered no explanation for why the evidence was only discovered now. Second, it appears Fords' proposed amendments (which, as explained below, are groundless) are an attempt to delay disposition of his petition. Third, Ford has previously been granted leave to amend. Fourth, the addition of new grounds at this stage in the proceedings would likely prejudice the respondents. Finally, and most importantly, the proposed amendment would be futile.

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d) provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

When a petition is filed outside the one-year limitation period, it "must be dismissed as untimely … unless the one-year … period was interrupted as set forth in 28 U.S.C. § 2244(d)(2)," *Zapata v. Cain*, 614 F. Supp. 2d 714, 717 (E.D. La. 2007); the petitioner identifies grounds for equitable tolling, *Holland v. Florida*, 560 U.S. 631, 649 (2010); or the petitioner makes a sufficient showing of actual innocence, *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

As observed by Judge Sanders, Ford's conviction became final on December 17, 2014, and Ford did not file a petition for post-conviction relief until September 15, 2017. *See* Doc. #13 at 3. Accordingly, his claims are untimely under the AEDPA. Furthermore, even considering the new allegations, as discussed in more detail below, Ford has offered no grounds which would justify equitable tolling and has failed to make a showing of actual innocence. Because the amendment to add the additional claims would be futile, Ford's motion to amend is denied.

## IV
## Objections

Judge Sanders found that Ford's claims were untimely and that Ford could not establish a right to equitable tolling or entitlement to the actual innocence exception to the statute of limitations so as to overcome the statute of limitations bar. Ford challenges both contentions.

### A. Actual Innocence

"[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief," such as the expiration of the statute of limitations. *McQuiggin*, 569 U.S. at 392. A petitioner makes a credible showing of actual innocence if, based on new evidence, he "show[s] that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 399. The Fifth Circuit appears to have not addressed a circuit split of "whether the new evidence must be newly discovered, previously unavailable evidence, or instead, evidence that was available but

6

not presented at trial." *Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019) (quotation marks omitted). It has, however, held that "[e]vidence does not qualify as new … if it was always within the reach of petitioner's personal knowledge or reasonable investigation." *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quotation marks and alterations omitted).

In seeking to show actual innocence, Ford contends that Lee committed perjury at his trial when Lee testified that (1) he was not testifying pursuant to a plea agreement, when he testified during the 2010 trial of Daner Ford that he had an agreement with the government; (2) he had not seen the shooting at issue, when his initial statement to police was that he had seen no shooting; and (3) he drove Ford to and from the scene of the murder, when his plea agreement merely states that he drove the vehicle away from the scene.

There can be no serious dispute that the existence of the inconsistent police statement, which was discussed at trial, is not "new evidence." Even if it was new evidence, inconsistent statements are generally insufficient to support a claim of actual innocence. *See Jahagirdar v. United States*, 653 F. Supp. 2d 125, 130 (D. Mass. 2009) ("While the grand jury testimony might have been used as a prior inconsistent statement to impeach Hogaboom, it is not evidence of Jahagirdar's actual innocence.").

Assuming without deciding the existence of a plea agreement (and its factual representations) could be considered new, it would not support a claim of actual innocence. First, Lee's statement that he was testifying pursuant to a plea agreement in the Daner Ford trial does not mean that his testimony in Ford's trial was pursuant to a plea agreement. Indeed, Lee's plea agreement submitted by Ford is dated January 31, 2011, well after Lee testified at Ford's trial in 2009. Accordingly, there is no indication that Lee's testimony regarding the existence of a plea agreement was false. Furthermore, Lee's statement in the plea agreement that he drove away from the scene is not inconsistent with testimony that he *also* drove to the scene. For these reasons, the

7

Court concludes that Ford has not made the requisite showing of actual innocence.

### B. Equitable Tolling

To establish equitable tolling of the one-year limitation period, "a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quotation marks and alterations omitted). "Only extraordinary cases justify the invocation of equitable tolling, but the statute of limitations must not be applied too harshly because dismissing a first § 2255 motion or habeas petition is a particularly serious matter." *Id*. at 183–84 (5th Cir. 2012) (quotation marks and citations omitted).

Ford argues tolling is warranted because he "was hampered from filing his post-conviction [sic] where one (1) year, the M.C.C.F., was without a law library clerk because of her cancer and there was not a train [sic] library person to pull cases." Doc. #21 at PageID #225. Ford has not provided the dates the library clerk was absent, so it is impossible to ascertain whether this absence prevented a timely filing. Regardless, Ford has not alleged what steps he took before, during, and after the clerk's alleged absence. Without such allegations, the Court cannot determine that Ford was pursuing his rights diligently. Accordingly, the Court finds equitable tolling to be unwarranted.

### V
### Motion for Reconsideration

Ford's motion for reconsideration seeks to set aside this Court's judgment because the order of dismissal and the resulting judgment did not consider his missing objections or motion to amend. *See* Doc. #24. Because this Court has denied the motion to amend and has overruled the objections, the motion for reconsideration will be denied.

## VI
## Conclusion

Ford's objections to the R&R are **OVERRULED**, and his motion to amend [21] and his motion for reconsideration [24] are **DENIED**.

**SO ORDERED**, this 30th day of September, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**